dence could be given of personal transactions and communications with him, otherwise competent, notwithstanding his decease at the time of the trial. Such evidence is not excluded by the language of section 829, supra. In Hildebrant v. Crawford, 65 N. Y. 107, it was held, in construing a similar section of the Code of Procedure, that a party to an action was not prohibited from testifying to a transaction or communication between himself and a deceased agent of the opposite party, and that he may also testify to a conversation heard by him between a principal and agent, both deceased, as against a successor in interest of the principal. In Pratt v. Elkins, 80 N. Y. 198, it was held that the provision of the Code of Civil Procedure (section 829), prohibiting a party from testifying in certain cases to personal transactions with a deceased person, does not extend to transactions with the agent of such person.

I think the logic of these two decisions would permit a party to testify to personal transactions and communications with an agent in making or lawfully modifying a contract, notwithstanding the principal and agent are both deceased. The plaintiff herein derives no title or interest from the agent.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.

(114 App. Div. 904; 51 Misc. 460)

## MOTLEY v. MERCANTILE TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

FRAUD—ACTION—COMPLAINT—SUFFICIENCY.

> A complaint sets forth a good cause of action for fraud where it alleges in detail representations by defendants and each of them as to existing facts, the falsity thereof, defendants' knowledge of such falsity at the time of the representations, their intent to deceive, and plaintiff's reliance on such representations, deception, and injury.

> [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 36.]

Appeal from Special Term.

Action by James M. Motley against the Mercantile Trust Company and others. From a judgment overruling demurrers to the complaint, the demurring defendants appeal. Affirmed on opinion of the court below, with leave to withdraw demurrers and answer on payment of costs.

The following is the opinion of Gildersleeve, J., in the court below:

There are some 55 defendants in this action, 2 of whom—i. e., the Mercantile Trust Company and Alvin W. Krech—have demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint is very long and is based on the alleged fraud of the defendants. It seems to me that it contains all the elements necessary to set forth a good cause of action for fraud against these defendants and each of them. It alleges in detail representations by defendants and each of them as to existing facts, the falsity thereof, the knowledge of defendants of such falsity at the time the representations were made, their intent to deceive, the plaintiff's reliance on such representations, deception, and injury. The demurring defendants cannot stand on the rule of law that allegations which are merely

estimates or expressions of opinion and expectancy do not constitute such misrepresentations as will sustain an action for fraud, because there are material allegations of misrepresentations as to existing facts sufficient to support the complaint in that respect. The very ingenious brief of the learned counsel for the demurring defendants is too technical in its objections to the sufficiency of the complaint, and gives too narrow a construction to the allegations therein contained. Upon demurrer a complaint must be liberally construed. Springfield Co. v. Keeseville, 80 Hun, 162, 29 N. Y. Supp. 1130; Ellsworth v. Franklin, 99 App. Div. 119, 91 N. Y. Supp. 1040. Not only must it be assumed that the facts therein stated are true, but it will be deemed to allege what can, by fair and reasonable intendment, be implied from the allegations. Marie v. Garrison, 83 N. Y. 14; Millikin v. W. U. Tel. Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. My attention has been called to the case of Clarke v. Mercantile Trust Co. et al. (Sup.) 95 N. Y. Supp. 1118. In that case the Special Term, by Mr. Justice Keogh, overruled a demurrer by this defendant, the Mercantile Trust Company, and the Appellate Division affirmed the court below without any opinion; but Mr. Justice Hooker wrote a dissenting opinion of considerable length. From the facts as gathered from this dissenting opinion the Clarke Case appears to be very similar to the one at bar, with the exception that in the Clarke Case there was an allegation of a tender, and Mr. Justice Hooker sought to hold that by the allegation of tender, and the allegation that plaintiff was still willing to deliver the securities, upon receipt of the money paid, the plaintiff had elected to rescind his contract, and therefore could not then bring an action in tort for damages for fraud. This element of objection to the complaint is entirely absent from the case at bar, which is clearly an action in tort for damages for fraud. It would therefore appear that the case at bar presents, if anything, a stronger one in favor of the complaint than the Clarke Case, in which, as we have seen, the complaint was upheld.

I am of the opinion that both of the demurrers must be overruled, with leave to answer on payments of costs.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

W. F. Goldbeck, for appellant.

F. W. Frost, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of the court below, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.

---

(50 Misc. Rep. 49.)

### FULLER BUGGY CO. v. CUDNEY et al.

(Supreme Court, Special Term, Fulton County. March, 1906.)

JUDGMENT—OPENING DEFAULT—ORDER.

     Where the court, on opening a judgment, ordered that it should stand for whatever judgment the plaintiff may finally obtain against the defendant, the motion to cancel the record of such judgment while plaintiff's appeal from the judgment dismissing the complaint is still pending will be denied.

     [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 331.]

Action by the Fuller Buggy Company against Charles E. Cudney and others. Judgment for plaintiff by default. Motion to cancel judgment ordered to stand as security on opening default denied.

N. B. Spaulding, for plaintiff.

James A. Leary, for defendant Cudney.